UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WORD OF LIFE CHRISTIAN CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-04067-SLD-RLH |
| ) | |
| CHURCH MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Plaintiff Word of Life Christian Center's Amended Motion to Reinstate, ECF No. 6. As explained in this Order, the motion is DENIED.

On March 27, 2025, Plaintiff filed a Complaint, ECF No. 1, against Defendant Church Mutual Insurance Company asserting a breach of contract claim and a claim under section 155 of the Illinois Insurance Code. Plaintiff asserted that the Court could exercise diversity jurisdiction over the case and alleged that "Plaintiff is an *Illinois* corporation with its principal place of business in *Illinois* while Defendant is a [sic] *Illinois* corporation with its principal place of business in *Illinois*." Compl. ¶ 3 (emphasis added). The Court noted that "[t]hese allegations plainly d[id] not support diversity jurisdiction because both Plaintiff and Defendant are citizens of the same state" and directed Plaintiff to file an amended complaint by April 15, 2025, "properly alleging that the parties are citizens of different states and that the requirements for diversity jurisdiction are met, or otherwise properly invoking the Court's jurisdiction." Apr. 1, 2025 Text Order. Plaintiff was warned that if it failed to file an amended complaint, "the Court 'must dismiss the action' for lack of subject-matter jurisdiction." *Id.* (quoting Fed. R. Civ. P. 12(h)(3)).

1

On April 16, 2025, Plaintiff filed its First Amended Complaint, ECF No. 2, which was "again jurisdictionally deficient" for two reasons. Apr. 17, 2025 Text Order. First, Plaintiff failed to "properly allege its own citizenship because it refer[red] to itself as both an LLC and a corporation," *id.*—and citizenship is determined differently for those two different types of entities. *Compare* First Am. Compl. ¶ 1 (alleging that "Plaintiff was a limited liability company" and "[i]ts member, Tanner J. Payton, is a citizen of Illinois"), *with id.* ¶ 3 (alleging that "Plaintiff is an Illinois corporation with its principal place of business in Illinois"). And second, the First Amended Complaint again alleged that the parties were citizens of the same state. *See id.* ¶¶ 1, 3 (alleging that Plaintiff is an *Illinois* citizen "while Defendant is a Wisconsin corporation with its principal place of business in *Illinois*" (emphasis added)). The Court directed Plaintiff to file a second amended complaint by May 8, 2025, curing the jurisdictional deficiencies that had been identified by the Court. Apr. 17, 2025 Text Order. Plaintiff was warned that if it failed to file a second amended complaint, "the Court 'must dismiss the action' for lack of subject-matter jurisdiction." *Id.* (quoting Fed. R. Civ. P. 12(h)(3)).

The May 8, 2025 deadline came and went without a second amended complaint, so the Court dismissed this suit without prejudice for lack of subject-matter jurisdiction. May 9, 2025 Text Order. Less than two hours later, Plaintiff moved to reinstate the case and filed a proposed Second Amended Complaint. *See generally* Mot. Reinstate, ECF No. 3; Second Am. Compl., ECF No. 4. Plaintiff offered vague and undeveloped arguments about why reinstatement was warranted, apologized for its "failure to properly amend pleadings," and asserted that the dismissal was not Plaintiff's fault. Mot. Reinstate 3 ("[S]hould this dismissal be distained [sic] it would be through no fault of the Plaintiff."). Incredibly, Plaintiff still failed to properly plead diversity jurisdiction because it again alleged that both parties were citizens of Illinois. *See*

Second Am. Compl. ¶ 3 ("Plaintiff is an *Illinois* corporation with its principal place of business in *Illinois* while Defendant is a Wisconsin corporation with its principal place of business in *Illinois*." (emphasis added)).  On May 14, 2025, the Court denied the Motion to Reinstate, *see* May 14, 2025 Text Order, and judgment was entered dismissing the suit without prejudice for lack of subject-matter jurisdiction, J., ECF No. 5.

That same day, Plaintiff filed the instant Amended Motion to Reinstate, again seeking to reopen the case and file an amended complaint.  Plaintiff finally acknowledged that it meant to plead that Defendant was "a Wisconsin chartered corporation whose principal place of business and offices are located in the state of Wisconsin," not Illinois.  Am. Mot. Reinstate ¶ 10.  The proposed Third Amended Complaint, however, still contains the allegation that Defendant "is a Wisconsin corporation with its principal place of business in *Illinois*."  Third Am. Compl. ¶ 3, ECF No. 7 (emphasis added).

Plaintiff does not identify the procedural vehicle for its Amended Motion to Reinstate, so the Court presumes that Plaintiff is moving pursuant to Federal Rule of Civil Procedure 59(e) as the motion was filed within 28 days after the entry of judgment.  *See United States v. Deutsch*, 981 F.2d 299, 300–01 (7th Cir. 1992) (adopting the bright-line rule that motions to alter or amend a judgment "served within [28] days of the rendition of judgment" are evaluated under Rule 59(e) (quotation marks omitted)).  Rule 59(e) relief is warranted "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 668–69 (7th Cir. 2022) (quotation marks omitted).

Plaintiff does not argue that the Court made a manifest error of law, nor does it present any newly discovered evidence.  Instead, it argues that it will "be prejudiced if this case is not reinstated due to the fact that defense will now have an argument that the statute of limitations

3

has run on this matter and the claim can no longer be pursued." Am. Mot. Reinstate ¶ 11. It cites to no case law suggesting that this is a proper consideration for setting aside a final judgment. Plaintiff was put on notice that it had pleaded that Defendant was an Illinois citizen due to having a principal place of business in Illinois multiple times and was given multiple opportunities to properly replead. It gives no explanation of why it could not have alleged that Defendant's principal place of business was in Wisconsin prior to judgment being entered. Moreover, Plaintiff does not identify the statute of limitations that applies to its claims. So even if the Court were to consider the possibility that the suit would be barred by the statute of limitations as a reason to vacate its judgment and reinstate these proceedings, Plaintiff has not shown that it will be unable to simply refile its claims in a new suit and properly allege jurisdiction.

## CONCLUSION

Plaintiff's Amended Motion to Reinstate, ECF No. 6, is DENIED. The Court ADMONISHES Plaintiff's counsel that any future motion to reconsider will be summarily denied unless it identifies the rule or statute under which it is made and includes a memorandum of law supporting the relief requested. *See* Civil LR 7.1(B)(1).

Entered this 21st day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
